FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Nov 9, 2017
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| **4M DESIGN RESOURCES, INC.** ) | |
| ) | |
| **Plaintiff** ) | |
| v. ) | Case No. CV 17-5230-TLB |
| ) | |
| **YELL STEEL ENTERPRISE CO INC** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

The Plaintiff, 4M Design Resources, Inc. ("4M"), comes before this Court and for its Complaint against Defendant, Yell Steel Enterprise Co. Inc., states:

## INTRODUCTION

4M brings this action against Yell Steel Enterprise Co, Inc. ("YSE") for violation of Arkansas Code Annotated § 4-70-301 *et seq.*, breach of contract, or in the alternative, unjust enrichment. YSE employed 4M, through 4M's sole employee, Terri Miller, as a Sales Representative to solicit sales of its product to companies for resale. Pursuant to the compensation agreement between the parties, 4M performed the requested services, but YSE has failed to pay all outstanding commissions earned by and owed to 4M. In, 2015, 4M terminated its representation of YSE and now brings this action to recover the outstanding balance of commissions owed, and those continuing to be earned, plus interest, attorney's fees, and costs.

## PARTIES

1. Plaintiff, 4M, is and was at all times relevant to this action, a corporation registered in Arkansas and headquartered in Benton County, Arkansas. Terri Miller is the sole shareholder and employee of 4M.

2. Defendant, Yell Steel Enterprise Co Inc. ("YSE"), is and, at all times hereinafter mentioned, was a corporation registered in California and headquartered in Irvine, California.

**JURISDICTION AND VENUE**

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a)(1) based upon diversity of citizenship, and it has personal jurisdiction over the Defendant pursuant to Ark. Code Ann. § 4-70-304.

4. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) and (b)(3), and the unlawful practices were committed within the State of Arkansas, in the Western District thereof.

**STATEMENT OF FACTS**

5. YSE does not have a permanent or fixed place of business in Arkansas.

6. YSE manufactures, produces, imports, or distributes product(s) for sale to customers who purchase the product for resale.

7. In 2008, YSE sought out 4M to solicit sales for YSE's product(s) on its behalf from Wal-Mart Stores, Inc. its subsidiaries and affiliates.

8. In 2008, YSE entered into a services contract ("2008 Contract") with 4M in which 4M was to solicit on behalf of YSE orders for the purchase at wholesale of YSE's product. An unsigned version of the 2008 Contract is attached hereto as Exhibit 1. Upon information and belief, YSE maintains the only signed version of the 2008 Contract.

9. YSE entered into the 2008 Contract with 4M agreeing to pay 4M pursuant to a commission based payment schedule.

10. In 2011, YSE entered into a renewed services contract ("2011 Contract") with 4M in which 4M was to solicit on behalf of YSE orders for the purchase at wholesale of YSE's product. An unsigned version of the 2011 Contract is attached hereto as Exhibit 2. Upon information and belief, YSE maintains the only signed version of the 2011 Contract.

11. In 2013, YSE modified the payment schedule, but kept the terms of the 2011 Contract otherwise intact by its automatic renewal every two (2) years. A spreadsheet indicating the modified payment schedule is attached hereto as Exhibit 3.

12. Until the events that gave rise to this cause of action occurred, YSE fulfilled its obligations under the Contract as they were from time to time amended.

13. In April of 2015, YSE demanded that 4M provide services exclusively to YSE.

14. 4M declined YSE's proposed modification of the services provided and thereafter provided a notice of termination.

15. Pursuant to the terms of the Contracts as amended, "in the event that 4M Design/Terri Miller terminates their services with YSE, 4M Design/Terri Miller will be paid whatever sales commissions owed to them for **sales generated** for YSE" (emphasis added).

16. Pursuant to the terms of the 2011 Contract, "YSE shall pay 4M Design .85% commission on all sales and subsequent shipments made in any calendar year…4M Design gross sales will be defined as "orders shipped within a particular calendar year.""

17. Pursuant to the modified 2014-2015 payment schedule attached as Exhibit 3, the commission percentage changed based on a sliding scale per volume of orders.

18. Pursuant to the terms of the Contracts, and the modified commission schedules, 4M is not and has never been an "employee" of YSE.

19. 4M has not received, nor has ever been eligible or entitled to bonuses from YSE.

20. The use of the term "Bonus %" in the 2014-2015 commission schedule spreadsheet was equivalent in all respects to prior commission draws in the 2008 and 2011 Contracts.

21. In July of 2015, YSE refused to pay the commissions to which 4M is entitled and continues to do so to date.

22. At the time of the termination of contract, 4M had secured orders for styles of products to be shipped to Wal-Mart Stores, Inc. for the calendar years 2015 through 2016. It is believed that many of these orders are revolving and thus would still be orders attributed to 4M under the agreement.

23. Upon information and belief, orders placed by 4M are still being fulfilled.

24. 4M is entitled to the commissions from all gross sales prior to termination and shipped post-termination as well as on orders for styles for which 4M was responsible that were sold to Wal-Mart by 4M and continue to generate orders for YSE.

25. After demand, YSE has failed to acknowledge 4M's owed commissions nor pay the commissions actually owed based upon gross sales.

26. The amount of commissions that are alleged to be owed as of this date are at least no less than Three Hundred Ninety-Six Thousand Dollars and 00/100 ($396,000.00).

### COUNT I: WILLFUL FAILURE TO PAY COMMISSIONS IN VIOLATION OF ARKANSAS CODE ANNOTATED § 4-70-301 ET SEQ.

27. YSE is a "principal" as defined by Ark. Code Ann. § 4-70-301.

28. Terri Miler, through 4M, is a "sale representative" as defined.

29. Ark. Code Ann. § 4-70-302 requires a contract between a principal and sales representative to be in writing and set forth the method by which the sale's representative's commission is to be computed and paid.

30. Ark Code Ann. § 4-70-303 provides for commission payment to be paid within thirty (30) days after the date of termination of a compensation agreement that is not in writing.

31. The laws of Arkansas govern the contract between Plaintiff and Defendant and any waiver of this subchapter is void by Ark. Code Ann. § 4-70-305.

32. Ark. Code Ann. §4-70-306 states "a principal who fails to comply with a provision of a contract under § 4-70-302 relating to payment of a commission or fails to pay a commission as required by § 4-70-303 is liable to the sales representative in a civil action for three (3) times the damages sustained by the sales representative."

33. YSE has failed and refused to pay commissions due to 4M pursuant to the written contract and compensation agreement.

34. 4M has suffered damages as a result of YSE's willful failure to pay commissions due and owing in an amount to be determined at trial, but no less than Three Hundred Ninety-Six Thousand Dollars and 00/100 ($396,000.00) times three pursuant to Ark. Code Ann. §4-70-306.

## COUNT II: BREACH OF CONTRACT

35. Pursuant to the terms of the contract, the Defendant was to pay 4M sales commissions owed to them for sales generated for YSE.

36. The Defendant has failed and refused to pay said commissions.

37. Such a failure and refusal constitutes a breach of contract as it is contrary to the clear terms of the Contracts as amended which state "in the event that 4M Design/Terri Miller terminates their services with YSE, 4M Design/Terri Miller will be paid whatever sales commissions owed to them for sales generated for YSE" and "YSE shall pay 4M Design .85% commission on all sales and subsequent shipments made in any calendar year…4M Design gross sales will be defined as "orders shipped within a particular calendar year.""

38. The contract was in effect as amended by successive commission schedules until its termination by 4M in April of 2015.

39. Due to Defendant's breach, 4M has suffered damages in an amount to be determined at trial, but no less than Three Hundred Ninety-Six Thousand Dollars and 00/100 ($396,000.00), plus interest.

## COUNT III: UNJUST ENRICHMENT

40. 4M provided services, at the request of the Defendant, such services not yet paid, the fair and reasonable value of which is an amount to be determined at trial but no less than Three Hundred Ninety-Six Thousand Dollars and 00/100 ($396,000.00), plus interest.

41. Defendant has received the benefits of 4M's services without full compensation, all to the Defendant's unjust enrichment.

42. Defendant has been unjustly enriched, at the expense of 4M, in an amount to be determined at trial, but no less than Three Hundred Ninety-Six Thousand Dollars and 00/100 ($396,000.00), plus interest.

## **DAMAGES**

43. Plaintiff has suffered damages in an amount in excess of the minimal amount for Federal Diversity Jurisdiction ($75,000) for compensation due and owing.

44. Plaintiff seeks treble damages up to the limits permitted by law for Defendant's willful failure to comply with the compensation agreement.

45. Plaintiff reserves the right to amend and supplement this Complaint should discovery or the applicable facts so warrant.

WHEREFORE, Plaintiff respectfully for judgment on its behalf awarding it:

a. A jury trial;

b. damages for commissions due and owing in an amount to be determined at trial, but no less than three times Three Hundred Ninety-Six Thousand Dollars and 00/100 ($396,000.00), or One Million One Hundred Eighty-Eight Thousand Dollars and 00/100 ($1,188,000.00) pursuant to Ark. Code Ann. § 4-70-306;

c. Alternatively, 4m prays for damages for breach of contract;

d. Alternatively, 4m prays for damages for unjust enrichment;

e. 4M prays for attorneys' fees and costs pursuant to Ark. Code Ann. § 4-70-306 or any other applicable statute;

f. Prejudgment interest; and

g. All other relief to which it may be entitled.

Respectfully submitted,
4M Design Resources, Inc, Plaintiff

_____
George M. Rozzell IV (2008032)
**KEITH, MILLER, BUTLER,
 SCHNEIDER & PAWLIK, PLLC**
224 South 2nd St.
Rogers, AR 72756
Telephone: (479) 621-0006
Telecopier: (479) 631-6890